UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT L. EVANS,<br>　　　Plaintiff, | § § § § | |
| v. | § | Civil Action No. 1:14-CV-202-BL |
| | § § | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　Defendant. | § § § § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Robert Evans (Plaintiff) seeks judicial review of the decision by the Commissioner of Social Security (Commissioner) denying his application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). The United States District Judge ordered the case be reassigned to this Court pursuant to 28 U.S.C. § 636(c). (Doc. 5). Only Defendant consented to the jurisdiction of the undersigned. (Doc. 9). After considering all the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be remanded for further consideration.

### I. STATEMENT OF THE CASE

Plaintiff originally filed his applications for DIB and SSI on December 9, 2009, alleging disability beginning on April 15, 2009. His applications were denied initially May 5, 2010, and again on reconsideration August 23, 2010. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on January 26, 2011. Plaintiff was found not disabled on March 1, 2011. Plaintiff appealed to the Appeals Council, which remanded the claim for new hearing and decision. A second hearing was held before the same ALJ on December 21, 2011, and a decision

1

of not disabled was delivered January 27, 2012. Plaintiff appealed and the Appeals Council remanded the claim again. A third hearing was held, this time before a new ALJ on February 24, 2012, and a third decision of not disabled was delivered March 28, 2014. Plaintiff appealed but this time the Appeals Council denied review on October 30, 2014. Therefore, the third ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to his testimony at the administrative hearing and his pleadings, Plaintiff was fifty-three years old at the time of his third administrative hearing in 2014. He progressed through school and completed one year of a dental assistant program. He has performed work in the past as a warehouse worker, a nurse aide, and most recently as a machine tender, working on an assembly line making plastic gas line hoses.

Plaintiff served in the military for several years.[1] Plaintiff's military service left him with lasting mental scars. He has repeatedly been diagnosed with PTSD, anxiety, and hallucinations, and schizophrenia. As to physical impairments, Plaintiff has problems in his back and knee. At the administrative hearing Plaintiff linked the two, saying his knee pain causes him to walk in a certain way to compensate. This corrective action put his back under peculiar stress such that Plaintiff was eventually left with herniated discs in his spine. Plaintiff claims his physical and mental impairments render him disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if he is unable "to engage in any substantial gainful activity by reason

---

[1] At a prior hearing Plaintiff's father testified that Plaintiff was in the army for four or five years. Tr. 106. The ALJ, however, stated that Plaintiff was in the military for seventeen years. Tr. 25.

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence

supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### IV. DISCUSSION

Plaintiff raises three issues on appeal. He claims the ALJ: failed to properly weigh the medical evidence in the record; failed to properly evaluate Plaintiff's credibility; and relied on flawed testimony from the Vocational Expert (VE).

#### A. Weighing the Medical Evidence

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Newton*, 209 F.3d at 455 (citations and internal quotation marks omitted). Still, the determination of a claimant's disability status is a determination for the ALJ alone. *Paul v. Shalala*, 29 F.3d 208, 2011 (5th Cir. 1994). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* However, when an ALJ declines to give any weight to the opinions of a treating specialist, the "ALJ is required to consider each of the § 404.1527(d) factors." *Newton*, 209 F.3d at 456 (citing 20 C.F.R. § 404.1527(d)).

Dr. Martinez, as the ALJ acknowledged, treated Plaintiff for several years, dating back to

at least 2006. Tr. 565–626. He was aware of Plaintiff's psychological condition, treatments, and abilities. Dr. Martinez, as the ALJ further acknowledged, opined that Plaintiff suffered from a mental disorder and was disabled. *See* Tr. 27. But rather than giving controlling or even substantial weight to Dr. Martinez's opinions, the ALJ summarily disagreed without explanation or any indication of "consideration," as required by *Newton*. 209 F.3d at 456. The ALJ listed the § 404.1527(d) factors then stated: "However, in this case, I simply do not agree with the assessment that the claimant is disabled and have assigned little weight to the statements of Dr. Martinez regarding disability. I have given more weight to the other evidence, the claimant's testimony, and his activities of daily living in determining his [RFC]." Tr. 27. The ALJ offered no explanation for substituting his own medical opinions with those of a treating psychiatrist. Nor, if he determined Dr. Martinez's opinion was not entitled to weight, did the ALJ perform a discernable consideration of the § 404.1527 factors. This error requires reversal for consideration of the treating source's opinions and findings. *Newton*, 209 F.3d at 456.

### B. Evaluating Plaintiff's Credibility

In determining a claimant's RFC, the regulations require the ALJ to first determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. Once that is determined, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. *See generally* 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929. When statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by the objective medical evidence, the ALJ must make a credibility determination of the statements based on a consideration of the entire case record. "Failure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of the subjective

symptoms and complaints requires reversal and remand." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (citing *Hayes v. Celebrezze*, 311 F.2d 648, 653–54 (5th Cir. 1963)); *see also* SSR 96-7p, 1996 WL 374186 (July 2, 1996) (The ALJ must "make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects."). Still, the ALJ has discretion in making his credibility determinations and "[h]ow much pain is disabling is a factual determination for the ALJ." *Adams v. Astrue*, 340 F.App'x 219, 221 (5th Cir. 2009) (unpublished) (*per curiam*); *see also Carrier v. Sullivan*, 944 F.2d 243 (5th Cir. 1991).

Here it is apparent the ALJ gave "due consideration" to Plaintiff's subjective complaints. *Garcia v. Colvin*, -- F.App'x ---, 2015 WL 4760536, *2 (5th Cir. 2015) (*per curiam*). The ALJ dedicated considerable time and page space in his decision to Plaintiff's testimony. The ALJ meticulously recounted Plaintiff's subjective complaints and, despite Plaintiff's assertion to the contrary, provided several reasons for not finding Plaintiff's statements about the intensity, persistence, or limiting effects of his pain entirely credible. *See* Tr. 24–26. For example, the ALJ noted Plaintiff's activities of daily living, such as interacting socially on a regular basis by attending church at least twice per week, living with his girlfriend, attending doctor appointments regularly by taking the city bus exposed to strangers or having friends transport him to appointments. The ALJ considered the objective medical evidence of record, including evidence from Dr. Richard Campa, Dr. Laurence Ligon, and Dr. Kim Rowlands, which supported the conclusion that Plaintiff was not as limited mentally as he asserts. *See* Tr. 26. The ALJ's discussion of Plaintiff's credibility continued. What has been discussed above alone would constitute substantial evidence to support the ALJ's conclusions as to Plaintiff's credibility. On this point Plaintiff's argument is unavailing.

### C. VE Testimony

As previously noted, at step five the burden shifts to the Commissioner to prove that the

claimant can perform other work in the national economy, considering the claimant's age, education, and past work experience. *See Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001); 20 C.F.R. § 416.920(a)(4)(v). The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. *See, e.g., Ellis v. Astrue*, No. 7:09-CV-70-O-BF, 2010 WL 3422872, *5 (N.D. Tex. July 27, 2010). "A hypothetical question to a VE is defective and produces reversible error if it does not reasonably include all the disabilities of the claimant recognized by the ALJ and the claimant or her representative is not given an opportunity to correct deficiencies in the ALJ's question." *Id.* (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)).

Prior to step five, the ALJ found "the claimant [has] moderate difficulties . . . [w]ith regard to concentration, persistence or pace." Tr. 23. Nonetheless, at step five, the ALJ did not incorporate this restriction into his hypothetical to the VE. The ALJ directed the VE to "define the exertional demands and the skill requirements of a machine tender[;] . . . a nurse aide; and a warehouse worker." Tr. 91. After the VE stated that a machine tender had an SVP of 2, the ALJ asked if SVP 2 would "be consistent with following detailed non complex tasks." *Id.* The VE answered in the affirmative and that was the extent of the ALJ's hypothetical questions to the VE. Thus, the error Plaintiff alleges is that the ALJ's previous finding that Plaintiff suffered from moderate difficulties in concentration, persistence, or pace was not encompassed in the ALJ's hypothetical person who merely had an SVP of 2.[2]

The Commissioner counters that SVP 2 means unskilled work. Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short

---

[2] "The SVP is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. An SVP 2 job typically has a learning period of anything beyond short demonstration up to and including 1 month . . . ." *Bayer v. Colvin*, 557 F.App'x 280, 284 n. 2 (citation omitted).

period of time. (Doc. 16, p. 13). The Commissioner claims in the past this Court "has determined that the RFC limitation of 'simple, repetitive work' is sufficient to accommodate limitations in concentration, persistence, or pace," citing *Smith v. Colvin*, No. 3:13-CV-1884-N-BN, 2014 WL 1407437 (N.D. Tex. Mar. 24, 2014). (Doc. 16, p. 13–14).

The Court notes one key difference between *Smith* and the instant case. In *Smith*, the plaintiff alleged the ALJ failed to include certain limitations into her RFC finding. Here, Plaintiff claims the ALJ failed to include certain limitations into his hypothetical to the VE. The Commissioner's brief addresses a slightly different point than what Plaintiff argues. Meaning, for example, it is not entirely apposite that no requirement exists in this circuit that every limitation the ALJ finds at step two be word-for-word incorporated into the RFC finding, as the Commissioner asserts. (Doc. 16, pp. 14–15).

As indicated, the ALJ conducted a fairly abbreviated questioning of the VE. The Commissioner does not persuade the Court that simply limiting a hypothetical person to an SVP of 2 adequately incorporates the limitation of moderate difficulties in concentration, persistence, or pace. It does not appear to the Court that the ALJ's questioning "reasonably include[d] all the disabilities of the claimant recognized by the ALJ." *Ellis*, 2010 WL 3422872, *5; *see also Bowers v. Colvin*, No. 6:14-CV-015-C, 2015 WL 3826346, *6 n. 2 (N.D. Tex. June 18, 2015). This constitutes reversible error. *Ellis*, 2010 WL 3422872, *5; *Bowers*, 2015 WL 3826346, *6 n. 2.

### V. CONCLUSION

In sum, Plaintiff presents three issues on appeal before this Court. Two are persuasive. First, the ALJ failed to properly treat the evidence of treating physician Dr. Martinez. Next, the ALJ presented a deficient hypothetical to the VE. Each error alone requires remand for further proceedings.

Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and this case be **REMANDED FOR FURTHER ADMINISTRATIVE PROCEEDINGS.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated December 8, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**